UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHEREETA GUYTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PEMISCOT COUNTY SPECIAL )<br>SCHOOL DISTRICT, SANDRA )<br>MANLEY and SHERA BURROW, )<br>)<br>Defendants. ) | No. 1:12-CV-0106-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Complaint. [ECF No. 9] Plaintiff is proceeding pro se, and has filed her complaint and attached materials using the district's form complaint for claims of employment discrimination. Plaintiff has responded to the motion "by making a motion to not dismiss." (Doc. No. 16) For the following reasons, Defendants' motion will be granted in part and denied in part.

**Background**

Plaintiff, a former employee of Pemiscot County Special School District ("the District"), brings this action for employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. On August 18, 2011, Plaintiff dual-filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) alleging retaliation. (Doc. No. 1-2) In her charge of discrimination, Plaintiff checked the box identifying that she was complaining of retaliation. The boxes for race, color, sex, religion, and national origin were left blank. According to her charge, Plaintiff was employed by the District in September 2007 as a

Paraprofessional. On September 15, 2010, she filed a discrimination complaint with the ACLU and NAACP because the District had denied her the opportunity to go to school during certain work hours, but allowed a Caucasian coworker to do so. Plaintiff states that after she filed her complaint, her Caucasian coworker was no longer permitted to attend school during work hours. After graduating from college in May 2011, Plaintiff applied for a transfer to several open teaching positions and was subsequently denied transfer. Plaintiff claims she was denied a transfer "in retaliation for opposing racial discrimination." The EEOC issued a notice of right to sue on March 26, 2012 (Doc. No. 1-2), and Plaintiff filed this action on June 22, 2012.

In her complaint, Plaintiff alleges that her employment was terminated, she was not promoted, the terms and conditions of her employment differed from those of similar employees, and she was retaliated against. (Complaint, Doc. No. 1, ¶ 10) Specifically, Plaintiff alleges she was discriminated against "because of an ACLU claim and by making the choice to continue to attend college." (Id., ¶ 11) In describing the conduct she believes to be discriminatory, Plaintiff states the District would not accommodate her college class schedule, which prevented her from teaching during certain work hours, i.e., "Block II," despite the fact that one of her co-workers was permitted to attend school during work hours. (Id., ¶ 12) On September 15, 201[0],[1] Plaintiff filed a claim for discrimination with the ACLU. (Id.) Plaintiff states she was reprimanded for filing her claim and told to choose between her job and going to school. (Id.) Plaintiff further states that in retaliation for filing her claim with the ACLU, she was passed over for promotions

---

[1] In her charge of discrimination, Plaintiff stated that she filed her claim with the ACLU on September 15, 2010. However, in her description of the essential facts of her claim set out in her complaint, Plaintiff references September 15, 2011. (See, Compl., ¶ 12) The Court assumes this was an error.

to other teaching positions for which she was qualified and ultimately forced to resign. (Id.)

Defendants move to dismiss Plaintiff's complaint for failure to state a claim under Title VII. In support of their motion, Defendants state Plaintiff has not alleged that she has been discriminated against in employment due to race, color, religion or national origin. Defendants further assert that Sandra Manley and Shera Burrows should be dismissed as party defendants because Plaintiff has only alleged a cause of action against the District. Finally, Defendants state that while Plaintiff alleges she was forced to resign, she does not set forth specific facts in her complaint alleging a constructive discharge.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n. 3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a

reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.2003). This is especially true when, as here, a plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Nickless v. Saint Gobain Containers, 2012 WL 1414849, at *4 (E.D.Mo. April 24, 2012) (citing Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir.1994)). See also Russell v. City of Overland Police Dept., 838 F.Supp. 1350 (E.D. Mo. 1993). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Nickless, 2012 WL 1414849, at *4 (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir.2004)). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Id. (citing Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir.2002)). With these standards in mind, the Court turns to an examination of Plaintiff's complaint.

**Discussion**

As a threshold matter, Plaintiff's complaint makes no allegation referencing either Sandra Manley or Shera Burrow, individually, let alone any facts constituting a cause of action against either one. For these reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted against Manley and Burrow. The motion to dismiss will, therefore, be granted as to Manley and Burrow.

In its motion, the District asserts that Plaintiff's Title VII claim fails because she has not

4

alleged that she has been discriminated against in employment due to race, color, religion or national origin. Title VII prohibits discrimination in employment practices on account of an individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a). But Title VII also prohibits retaliation against an employee who is engaged in a protected activity. 42 U.S.C. § 2000e-3(a). Plaintiff did not check the boxes on the form complaint identifying race, religion, national origin, color or gender as the basis for her discrimination claim. Instead, Plaintiff checked the box for "other," claiming she was discriminated against "because of an ACLU claim and by making the choice to continue to attend college. Retaliation." (Compl., ¶ 11)

To establish a prima facie case of Title VII retaliation, Plaintiff must demonstrate that: 1) she was engaged in a protected activity; 2) suffered an adverse employment action; and 3) the adverse action occurred because she was engaged in the protected activity. 42 U. S .C. § 2000e-3(a). See also Wilkie v. Department of Health and Human Services, 638 F.3d 944, 955 (8th Cir. 2011) (citing Devin v. Schwan's Home Serv., Inc., 491 F.3d 778, 785 (8th Cir.2007)). A "protected activity" can be either opposing an act of discrimination made unlawful by Title VII, or making a charge, testifying, assisting, or participating in an investigation under Title VII. See Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 684 (8th Cir. 2012). Constructive discharge is an adverse employment action that will support an action for unlawful retaliation. West v. Marion Merrell Dow, Inc., 54 F.3d 493, 497 (8th Cir. 1995).

In support of its motion, the District argues Plaintiff fails to set forth specific facts in her complaint alleging a constructive discharge. To establish a claim for constructive discharge, Plaintiff must show the District deliberately created intolerable working conditions with the intention of forcing her to quit. Johnson v. Runyon, 137 F.3d 1081, 1083 (8th Cir. 1998).

Plaintiff can satisfy the intent requirement by showing she quit as a reasonably foreseeable consequence of the District's actions. Coffman v. Tracker Marine, L.P., 141 F.3d 1241, 1247 (8th Cir. 1998). The District contends Plaintiff fails to allege she was engaged in a protected activity, because contacting the ACLU is not a protected activity, or that it acted with the intent to force her to resign, or that her resignation was a reasonable, foreseeable consequence of requiring her to either work Blocks 1, 2 and 3 or return to school. (Doc. No. 10, p. 3) "Frustration and embarrassment at not being promoted do not make work conditions virtually intolerable to constitute constructive discharge... dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." Tidwell v. Meyer's Bakeries, Inc., 93F.3d 490, 495-97 (8th Cir. 1996). (Id.)

Construing Plaintiff's complaint liberally, and without deciding whether submitting a claim to the ACLU is a protected activity, the Court concludes Plaintiff has alleged sufficient facts to state a claim for constructive discharge as an element of her claim for retaliation. In particular, she alleges the District's refusal to promote her to a teaching position for which she was qualified gave her no other option to keep her job. (Complaint, ¶ 12) Thus, the motion to dismiss will be denied as to Plaintiff's retaliation claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [9] is **GRANTED** in part and **DENIED** in part. Defendant's motion to dismiss is **GRANTED** as to Defendants Sandra Manley and Shera Burrow. Sandra Manley and Shera Burrow are dismissed without prejudice.

**IT IS FURTHER ORDERED** that in all other respects, Defendant's motion to dismiss is **DENIED**.

Dated this 4th day of February, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE