# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SHEREETA GUYTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:12-CV-106-JAR |
| PEMISCOT COUNTY SPECIAL SCHOOL DISTRICT, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 31) Plaintiff has failed to file any opposition to the motion.[1] Because the undisputed facts demonstrate that Defendant is entitled to judgment as a matter of law, the motion for summary judgment will be granted.

**Background**

Plaintiff, a former employee of Pemiscot County Special School District ("the District"), brought this pro se action for employment discrimination in the form of alleged retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (Complaint, Doc. No. 1, ¶ 10) Plaintiff alleges that in retaliation for filing a claim with the ACLU, the District refused to accommodate her college class schedule and passed her over for promotion to other teaching positions for which she was qualified, ultimately forcing her to resign. (Id.)

---

[1] On February 19, 2014, the Court gave Plaintiff until February 28, 2014 to respond to the motion. (Doc. No. 36)

1

The undisputed facts show that Plaintiff was employed as a paraprofessional teaching assistant in the District from September 2007 until January 2012. From 2008 through 2011, Plaintiff was enrolled in classes at Southeast Missouri State University at the Kennett, Missouri center. To accommodate her class schedule, the District approved Plaintiff leaving early one day a week. On September 15, 2010, Plaintiff requested additional time off from work to complete her required college coursework. The District denied her request. Plaintiff filed a discrimination complaint against the District with the ACLU for denying her the opportunity to attend classes during certain work hours, while allowing a Caucasian coworker to do so. Following the filing of her complaint, Plaintiff continued to teach as a paraprofessional in the District.

After earning her general studies degree in May 2011, Plaintiff applied for a transfer to several open teaching positions in the District but was denied transfer.

In January 2012, Plaintiff requested two days off per week to complete the requirements for her Block III college courses in elementary education. The District denied her request, stating it could not accommodate her schedule at the expense of instructional support for its students. Plaintiff resigned her position with the District on January 18, 2012.

**Legal standard**

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. Roan v. Chrysler Group LLC, 2013 WL 5433430, 2 (E.D.Mo. Sept. 27, 2013) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). The initial burden is placed on the moving party. Id. (citing City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988)). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on

that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir.1988). Even if a motion for summary judgment is unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law. Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir.1993).

**Discussion**

Plaintiff's claim of unlawful retaliation fails as a matter of law because she fails to establish a prima facie case for this claim. To do so, Plaintiff must show that (1) she engaged in a protected activity, (2) suffered an adverse employment action, and (3) the adverse action occurred because she was engaged in the protected activity. 42 U. S .C. § 2000e-3(a). See also Wilkie v. Department of Health and Human Services, 638 F.3d 944, 955 (8th Cir. 2011) (citing Devin v. Schwan's Home Serv., Inc., 491 F.3d 778, 785 (8th Cir.2007)). "Constructive discharge is an adverse employment action that will support an action for unlawful retaliation." West v. Marion Merrell Dow, Inc., 54 F.3d 493, 497 (8th Cir. 1995). To prove constructive discharge, "a plaintiff must show (1) a reasonable person in [her] situation would find the working conditions intolerable, and (2) the employer intended to force [her] to quit." Quinn v. St. Louis County, 653 F.3d 745, 752 (8th Cir. 2011) (quoting Fercello v. County of Ramsey, 612 F.3d 1069, 1083 (8th Cir. 2010)). A plaintiff may satisfy the intent requirement through evidence that her resignation was a reasonably foreseeable consequence of the employer's actions. Id.

Assuming that the filing of a complaint with the ACLU is a protected activity, Plaintiff has failed to provide, and the record does not reveal, any evidence that the District was aware that she had filed such a complaint. (Manley Aff., Doc. No. 32-1, ¶ 5) Thus, Plaintiff cannot

establish the requisite causal connection between the filing of her ACLU complaint and the District's actions. See Rogers v. Frank, 782 F.Supp. 91, 93 (E.D. Mo. 1992), *aff'd*, 972 F.2d 354 (8th Cir. 1992) (employment applicant failed to demonstrate sufficient causal connection between his employment discrimination action against Postal Service and decision of Postal Service not to rehire him to establish prima facie case of retaliation, where officials who made decision testified they had no personal knowledge of suit and that documents they reviewed did not apprise them of applicant's legal activities). "[I]f the employer did not know of the protected activity a causal connection to the adverse action cannot be established." Ross v. Communications Satellite Corp., 759 F.2d 355, 365 n. 9 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). Further, there is no evidence the District intended to force Plaintiff to quit or that it could have reasonably foreseen that she would do so.

Even if Plaintiff made her prima facie case, her claim still fails. The District has articulated a legitimate, non-discriminatory reason for its decision not to approve Plaintiff's request for additional time off, namely, that it would not accommodate her schedule at the expense of instructional support for its students. (Manley Aff., Doc. No. 32-1, ¶¶ 9, 18) With regard to her claim that the District failed to promote her (she was in fact seeking a transfer), the District has demonstrated that other applicants who were hired for the open positions either had more experience, better credentials or more than a general studies degree and were, therefore, more qualified that Plaintiff. (Manley Aff., Doc. No. 32-1, ¶32, 33) Moreover, the District's hiring decisions are based on the recommendations of each school's administrator, and none of the schools, after interviewing Plaintiff, recommended her for a teaching position. (Manley Aff., Doc. No. 32-1, ¶¶ 25-30)

Where an employer produces a legitimate nondiscriminatory explanation for its actions, the employee bears the ultimate burden of proving retaliation by demonstrating that the employer's proffered reason is pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Plaintiff has not responded to the summary judgment motion. Therefore, based on the admitted facts, her claim fails as a matter of law. See Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 684 (8th Cir.2012) (affirming grant of summary judgment on retaliation claim where the only evidence to support the claim was the plaintiff's allegation in his verified complaint).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [31] is **GRANTED**.

A separate Judgment will accompany this memorandum and order.

Dated this 5th day of March, 2014.

                                                   */s/ John A. Ross*
                                                  JOHN A. ROSS
                                                  UNITED STATES DISTRICT JUDGE